**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

|  |  |
|---|---|
| Julie M. Staples,<br><br>    Plaintiff,<br><br>v.<br><br>Trans Union LLC, Experian Information Solutions, Inc., Equifax Information Services LLC, Pinnacle Bank f/k/a Synovus Bank a/k/a First Digital, LVNV Funding LLC, Resurgent Capital Services L.P., and Credit Control, LLC,<br><br>    Defendants. | Civil Action No: 1:26-cv-01405<br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND FAIR DEBT COLLECTION PRACTICES ACT**

**INTRODUCTION**

1.  Julie M. Staples ("Plaintiff"), by and through her undersigned counsel, brings this action to challenge the actions of Defendants Trans Union LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax") (TransUnion, Experian, and Equifax are jointly referred to as the "CRAs"), Pinnacle Bank f/k/a Synovus Bank a/k/a First Digital ("First Digital"), LVNV Funding LLC ("LVNV"), Resurgent Capital Services L.P., and Credit Control, LLC ("Resurgent") (jointly as "Defendants"), regarding erroneous reports of derogatory credit information by Defendants and Defendants' failures to reasonably investigate Plaintiff's credit reporting disputes and remove the derogatory credit information.

2. Plaintiff also brings this action to address improper debt collection acts and omissions by LVNV, Resurgent, and Credit Control.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in Indiana.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

6. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

7. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein that each defendant named in this Complaint was the principal, agent or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which that defendant is liable to Plaintiff for the relief prayed for herein.

8. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## Fair Credit Reporting Act

9. This case alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

10. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting.

11. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence that is essential to the continued functioning of the banking system.

12. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

13. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

14. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

15. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting.

16. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to her financial obligations.

**Fair Debt Collection Practices Act**

17. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

18. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

19. All alleged FDCPA violations herein are material violations of the FDCPA as these violations would limit the ability of a hypothetical unsophisticated consumer to make an intelligent choice as to the alleged debt and actions that should be taken as to the alleged debt.

20. The "unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

21. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

22. A debt collector violates the FDCPA "even when a false representation was unintentional." *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.")); see also *Donahue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) ("the FDCPA is a strict liability statute that 'makes debt collectors liable for violations that are not knowing or intentional.'") (quoting *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008)).

23. False representations about the amount of debt owed are material violations of the FDCPA as are attempts to collect such a debt. *See, e.g., Coyne v. Midland Funding LLC*, 895 F.3d 1035, 1038 (8th Cir. 2018).

24. Even a single violation of the FDCPA is sufficient to support liability. *Taylor v. Perrin, Landry, deLaunay, & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

25. Plaintiff has suffered an injury in fact that is traceable to LVNV and Resurgent's conduct and that is likely to be redressed by a favorable decision in this matter.

26. LVNV, Resurgent, and Credit Control subjected Plaintiff to false, deceptive, unfair, and unconscionable means to collect a debt.

27. As a result of LVNV, Resurgent, and Credit Control's violations of the FDCPA, Plaintiff sustained damages separately caused by LVNV, Resurgent, and Credit Control.

## JURISDICTION, PARTIES, AND VENUE

28. This Court has federal question jurisdiction because this case arises out of Defendants' violations of federal law—the FCRA and the FDCPA. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d).

29. Plaintiff is an individual residing within this judicial district.

30. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

31. Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(e).

32. Defendant TransUnion is a business entity doing business in the State of Indiana.

33. TransUnion's registered agent is Corporation Service Company, located at: 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

34. Defendant TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

35. Defendant TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

36. Defendant Experian is a business entity doing business in the State of Indiana.

37. Experian's registered agent is C T Corporation System, located at: 334 North Senate Avenue, Indianapolis, IN 46204.

38. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

39. Defendant Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

40. Defendant Equifax is a business entity doing business in the State of Indiana.

41. Equifax's registered agent is Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

42. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

43. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

44. Defendant First Digital is a business entity doing business in the State of Indiana.

45. First Digital's registered agent is C T Corporation System, located at: 334 North Senate Avenue, Indianapolis, IN 46204.

46. The account at issue reported by First Digital has been reported under various names, including "SYNOVUS/FIRST DIGITAL/VT," "1ST DIGITAL/SYNOVUS/VT," "FIRSTDIGITAL," "FIRST DIGITAL FDC SYNOVUS BANK," and "Pinnacle Bank FKA Synovus Bank."

47. Defendant First Digital is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that, regularly and in the ordinary course of business, furnishes information to a consumer credit reporting agency.

48. Defendant LVNV is a business entity doing business in the State of Indiana.

49. LVNV's registered agent is Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

50. Defendant LVNV is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that, regularly and in the ordinary course of business, furnishes information to a consumer credit reporting agency.

51. Defendant LVNV uses instrumentalities of interstate commerce and/or mail in its business, the principal purpose of which is the collection of debt.

52. Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

53. Defendant LVNV is a debt buyer that acquires defaulted consumer debts and outsources the servicing and collection of its portfolio of accounts to Resurgent, which collects on LVNV's behalf.

54. Defendant LVNV is a debt collector, as defined by 15 U.S.C. § 1692a(6), and does not fit within a category that excludes it from being defined as a debt collector under 15 U.S.C. § 1692a(6).

55. Defendant Resurgent is a business entity doing business in the State of Indiana.

56. Resurgent's registered agent is Corporation Service Company, located at 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

57. Defendant Resurgent is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that, regularly and in the ordinary course of business, furnishes information to a consumer credit reporting agency.

58. Defendant Resurgent uses instrumentalities of interstate commerce and/or mail in its business, the principal purpose of which is the collection of debt.

59. Defendant Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

60. Defendant Resurgent is a debt collector that collects on LVNV's behalf.

61. Defendant Resurgent is a debt collector, as defined by 15 U.S.C. § 1692a(6), and does not fit within a category that excludes it from being defined as a debt collector under 15 U.S.C. § 1692a(6).

62. Defendant Credit Control is a business entity doing business in the State of Indiana.

63. Credit Control's registered agent is C T Corporation System, located at: 334 North Senate Avenue, Indianapolis, IN 46204.

64. Defendant Credit Control uses instrumentalities of interstate commerce and/or mail in its business, the principal purpose of which is the collection of debt.

8

65.    Defendant Credit Control regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

66.    Defendant Credit Control is a debt collector that collects on LVNV's behalf.

67.    Defendant Credit Control is a debt collector, as defined by 15 U.S.C. § 1692a(6), and does not fit within a category that excludes it from being defined as a debt collector under 15 U.S.C. § 1692a(6).

68.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### *The First Digital Account and its Closure with a Zero Balance*

69.    On or about September 26, 2023, Plaintiff opened a First Digital Mastercard credit card account ending in 1776, with a credit limit of $300 (the "Account").

70.    The Account was used for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

71.    On October 3, 2024, Plaintiff contacted First Digital and closed the Account because she no longer needed it, and she wanted to avoid an upcoming annual fee.

72.    At the time Plaintiff closed the Account on October 3, 2024, the Account had a $0 balance.

73.    By letter dated October 4, 2024, First Digital confirmed in writing that, "[e]ffective, 10-03-24 your account was closed as you requested," and that "[t]he current balance on the above account is $0.00" (the "Closure Letter").

74.    Accordingly, as of October 3, 2024, the Account was closed and paid in full, with no balance owed.

*First Digital's Continued Billing and Inaccurate Reporting After Closure*

75. Despite closing the Account with a $0 balance, First Digital continued to charge Plaintiff an annual fee, monthly fees, interest, and late fees on the closed Account.

76. As a result of First Digital's improper post-closure charges, the Account began to falsely reflect a past-due, delinquent balance that Plaintiff did not owe.

77. First Digital reported the Account to one or more of the CRAs as a charged-off account with a balance and/or charge-off amount of $349, and a negative, derogatory payment history reflecting 30, 60, and 90-day delinquencies and a charge-off status in 2025.

78. It is inaccurate, incomplete, and/or materially misleading for First Digital to report the Account as delinquent, charged off, or carrying a $349 balance or charge-off amount, when the Account was in fact closed and paid in full with a $0 balance as of October 3, 2024.

79. Plaintiff contacted First Digital by telephone on multiple occasions, including on December 31, 2024, and May 5, 2025, to advise First Digital that the Account had been closed with a $0 balance and to request that First Digital correct its records and its reporting.

80. By letter dated May 5, 2025, sent to First Digital via facsimile, Plaintiff disputed all charges on the Account, explained that the Account had been closed on October 3, 2024 with a $0 balance, enclosed a copy of the Closure Letter, and requested that First Digital "immediately correct your records and remove all delinquent reports regarding this account from all credit bureaus" (the "First Digital Dispute").

81. By letter dated June 4, 2025, First Digital responded to the First Digital Dispute, claimed that "the information reported to the credit reporting agencies was accurate based on our records," and represented that the Account showed a status of "CLOSED," a current

balance of $331.57, and a date of first delinquency of March 3, 2025—notwithstanding the Closure Letter confirming a $0 balance.

### *First Digital's BBB Admission and Subsequent Sale of the Account*

82. On or about July 20, 2025, Plaintiff filed a complaint against First Digital with the Better Business Bureau regarding the Account (the "BBB Complaint").

83. By letter dated July 29, 2025, First Digital responded to the BBB Complaint (the "BBB Response").

84. In the BBB Response, First Digital admitted that "We found that your account was not closed at that time and the letter sent provided unclear information," and that "Our investigation determined that the account was not closed on the date you requested."

85. In the BBB Response, First Digital further stated: "A request to credit all fees plus interest was submitted and the delinquencies reported will be cleared."

86. Despite admitting that the Account had not been properly closed and promising that "the delinquencies reported will be cleared," First Digital did not correct its inaccurate reporting of the Account.

87. Instead, after the BBB Response, First Digital continued to report inaccurate information and sold and/or transferred the Account to LVNV on or about August 19, 2025.

88. First Digital's sale and/or transfer of the Account to LVNV after admitting the Account had been improperly billed and reported caused the same paid-in-full Account to be reported twice on Plaintiff's credit reports: once by First Digital as a charged-off account, and again by LVNV and Resurgent as a collection account.

***LVNV and Resurgent's Inaccurate Reporting and Collection of the Account***

89.    On or about August 19, 2025, LVNV acquired the Account and began reporting it with Resurgent to one or more of the CRAs as a collection account, opened August 19, 2025, with an original creditor identified as Synovus Bank and/or First Digital, and a balance and past-due amount of $349.

90.    The Account that LVNV acquired and LVNV and Resurgent reported was the same Account that First Digital had previously confirmed was closed and paid in full with a $0 balance.

91.    It is inaccurate, incomplete, and/or materially misleading for LVNV and Resurgent to report that Plaintiff owes a $349 collection balance on the Account when the Account was closed and paid in full with a $0 balance as of October 3, 2024.

92.    On or about August 21, 2025, Resurgent, acting on behalf of LVNV, sent Plaintiff an email stating that "[y]our account ending in 1776 was purchased by LVNV Funding LLC on 08/19/2025," identifying a "Current Balance" of $349.96, and stating: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

93.    On or about August 23, 2025, Plaintiff responded to Resurgent and LVNV, explained that the Account had been fraudulently sold, that she had closed the Account on October 3, 2024 with a $0 balance, and that she did not owe anything on the Account.

94.    In her August 23, 2025 response, Plaintiff attached the Closure Letter and the BBB Response, and quoted First Digital's admission that "the account was not closed on the date you requested" and that "the delinquencies reported will be cleared."

95. Notwithstanding Plaintiff's August 23, 2025 dispute and the supporting documentation, LVNV, through Resurgent, continued to attempt to collect the $349 debt from Plaintiff.

96. LVNV, through Resurgent, sent Plaintiff additional collection communications, including emails on or about September 30, 2025, October 2, 2025, October 15, 2025, and October 24, 2025, each continuing to demand payment of the $349 balance and offering payment plans and discounts.

97. LVNV and Resurgent's October 24, 2025 collection email again identified a "Current Balance" of $349.96 and again stated that the communication was "FROM A DEBT COLLECTOR" and "AN ATTEMPT TO COLLECT A DEBT."

98. Plaintiff submitted further written disputes to LVNV through Resurgent, including on or about October 13, 2025 and October 26, 2025, again disputing the debt and providing documentation showing the Account had been closed and paid in full.

99. LVNV and Resurgent continued to report and attempt to collect the $349 debt despite repeatedly receiving documentation establishing that the Account had been closed and paid in full with a $0 balance.

### *Plaintiff's First Disputes to the CRAs*

100. On or about December 10, 2025, Plaintiff disputed the reporting of the Account by First Digital and LVNV/Resurgent on her TransUnion, Experian, and Equifax credit reports pursuant to 15 U.S.C. § 1681i by notifying each CRA, in writing, of the inaccurate, incomplete, and/or materially misleading credit information (the "First Disputes").

101. In the First Disputes, Plaintiff explained that she had closed the Account with a $0 balance in October 2024; that First Digital's reporting of a negative payment history, an inaccurate balance, and a $349 charge-off was inaccurate; and that LVNV and Resurgent's reporting

of a $349 collection balance on the same Account was likewise inaccurate because the Account had been paid in full and closed.

102. Plaintiff attached supporting documentation to the First Disputes, including the Closure Letter, the First Digital Dispute, and the BBB Response, along with a copy of her credit report and proof of her identity.

103. Each CRA received Plaintiff's First Disputes and the attached documents.

104. Upon receipt of the First Disputes, each CRA was required to conduct a reasonable reinvestigation into the Account on Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681i.

105. Pursuant to 15 U.S.C. § 1681i, each CRA had a duty to notify First Digital and LVNV/Resurgent of Plaintiff's respective First Dispute addressed to that specific CRA within five business days of receiving the disputes, to forward the supporting documents submitted with Plaintiff's First Disputes for First Digital and LVNV/Resurgent to review, to conduct a reasonable reinvestigation of the disputed information, and to correct or delete the inaccurate information.

106. Rather than conduct a reasonable reinvestigation, Experian refused to investigate the First Dispute.

107. By correspondence dated December 19, 2025, Experian asserted that the dispute "does not appear to have been sent directly by you or to be authorized by you" and stated that "we have not taken any action on your alleged request."

108. Plaintiff's First Dispute to Experian was, in fact, a bona fide dispute sent by Plaintiff regarding her own credit information, and Experian's refusal to investigate it violated 15 U.S.C. § 1681i.

109. As a result, the First Digital tradeline and LVNV/Resurgent tradeline continued to inaccurately report upon Plaintiff's Experian credit reports.

110. Similarly, TransUnion failed to conduct a reasonable reinvestigation of Plaintiff's First Dispute and, on or about December 18, 2025, declined to investigate the dispute.

111. Again, Plaintiff's First Dispute to TransUnion was, in fact, a bona fide dispute sent by Plaintiff regarding her own credit information, and TransUnion's refusal to investigate it violated 15 U.S.C. § 1681i.

112. As a result, the First Digital tradeline and LVNV/Resurgent tradeline continued to inaccurately report upon Plaintiff's TransUnion credit reports.

113. By correspondence dated December 23, 2025, Equifax responded to Plaintiff's First Dispute but Equifax, First Digital, and LVNV/Resurgent failed to delete or correct the inaccurate reporting of the First Digital tradeline and LVNV/Resurgent tradeline, instead verifying and/or updating the inaccurate information—thereby allowing the First Digital tradeline and LVNV/Resurgent tradeline to continue to inaccurately report upon Plaintiff's Equifax credit reports.

### Plaintiff's Second Disputes to the CRAs

114. Because the CRAs failed to investigate and/or correct the inaccurate reporting in response to the First Disputes, on or about January 19, 2026, Plaintiff again disputed the reporting of the Account by First Digital and LVNV/Resurgent with TransUnion, Experian, and Equifax, in writing, pursuant to 15 U.S.C. § 1681i (the "Second Disputes").

115. The Second Disputes again explained that the Account had been closed and paid in full with a $0 balance, that First Digital's charge-off reporting was inaccurate, and that LVNV

and Resurgent's collection reporting on the same Account was inaccurate, and again included Plaintiff's supporting documentation.

116. Each CRA received Plaintiff's Second Disputes and the attached documents.

117. Upon receipt of the Second Disputes, each CRA again had a duty under 15 U.S.C. § 1681i to notify First Digital and LVNV/Resurgent of the disputes, to forward Plaintiff's supporting documents, to conduct a reasonable reinvestigation, and to correct or delete the inaccurate information.

118. Pursuant to 15 U.S.C. § 1681s-2(b), upon receipt of notice of the disputes from the CRAs, First Digital and LVNV/Resurgent each had a duty to conduct a reasonable investigation with respect to the disputed information and to modify, correct, or delete the inaccurate information as appropriate.

119. By dispute results dated February 10, 2026, Equifax and First Digital verified and/or updated the disputed information but failed to delete or correct the First Digital tradeline.

120. The dispute results dated February 10, 2026 from Equifax do not address the LVNV/Resurgent tradeline, but later credit reporting suggests that LVNV/Resurgent stopped reporting on Plaintiff's Equifax credit reports and/or Equifax deleted the LVNV/Resurgent tradeline from Plaintiff's Equifax credit reports.

121. By dispute results dated February 17, 2026, TransUnion, First Digital, and LVNV/Resurgent verified the disputed information as accurate and/or updated it but failed to delete or correct the First Digital tradeline and LVNV/Resurgent tradeline.

122. By dispute results dated March 13, 2026, Experian and LVNV/Resurgent deleted and/or stopped reporting the LVNV/Resurgent tradeline from Plaintiff's Experian credit report.

123. However, on the dispute results dated March 13, 2026, Experian and First Digital verified and updated—rather than deleted or corrected—the First Digital tradeline.

124. A reasonable reinvestigation by each respective CRA would have revealed that First Digital and LVNV/Resurgent were reporting the Account inaccurately, incompletely, and/or in a materially misleading way, particularly in light of the Closure Letter and First Digital's own admission in the BBB Response.

125. A reasonable investigation by First Digital would have revealed that it was reporting the Account inaccurately, incompletely, and/or in a materially misleading way, particularly in light of the Closure Letter and First Digital's own admission that the delinquencies "will be cleared."

126. A reasonable investigation by LVNV and Resurgent would have revealed that they were reporting the Account inaccurately, incompletely, and/or in a materially misleading way, particularly in light of the documentation Plaintiff provided establishing that the Account had been closed and paid in full.

***Credit Control's Improper Collection Efforts***

127. Sometime in late January to early February 2026, Plaintiff received a collection letter from Credit Control (the "CC Collection Letter").

128. The CC Collection Letter was directed to Plaintiff and claimed that Credit Control was attempting to collect from on the Account on behalf of LVNV.

129. The CC Collection Letter claimed Plaintiff owed $349.96 on the Account.

130. The CC Collection Letter offered a variety of payment options to "resolve your account for less than the total amount due."

131. The CC Collection Letter appeared to be designed to offer favorable enough payment terms in an effort to extract some money out of Plaintiff by making the payment terms modest enough that a person might just pay it rather than fight over such a small dollar figure they did not owe.

132. The CC Collection Letter added additional enticement by claiming "It is the policy of the current creditor to delete the tradeline upon satisfaction."

133. Plaintiff had been repeatedly disputing the claimed debt on the Account—and the credit reporting thereof—with LVNV and Resurgent, and had requested that LVNV/Resurgent remove the credit reporting of the Account.

134. The offer made in the letter seemed to target that request by Plaintiff—but only if Plaintiff paid some money to make it happen.

135. Through the CC Collection Letter, Credit Control attempted to collect a debt from Plaintiff that Plaintiff did not in fact owe.

136. Through the CC Collection Letter, Credit Control further attempted to coerce money out of Plaintiff by offering Plaintiff favorable payment terms and deletion of credit reporting.

### *Equifax, Experian, TransUnion, First Digital, and LVNV/Resurgent's Continued Inaccurate, Incomplete, and/or Materially Misleading Reporting*

137. Notwithstanding Plaintiff's multiple disputes and supporting documentation, Defendants failed to correct or delete the inaccurate, incomplete, and/or materially misleading information regarding the Account.

138. On a TransUnion credit report dated June 24, 2026, TransUnion, First Digital, and LVNV/Resurgent continued to report the First Digital tradeline and an LVNV/Resurgent

tradeline, with LVNV/Resurgent continuing to report a $349 collection balance on the Account and First Digital reporting the Account as a charge off on its First Digital tradeline.

139. On an Equifax credit report dated June 24, 2026, the First Digital tradeline continued to report the Account as a charge-off with a $349 charge-off amount and a date of first delinquency of March 3, 2025, despite the Account having been closed and paid in full by October 2024.

140. On an Experian credit report dated June 24, 2026, the First Digital tradeline continued to report the Account as charged off with a $349 written-off amount, despite the Account having been closed and paid in full in October 2024.

141. Defendants' continued inaccurate, incomplete, and/or materially misleading reporting and failures to investigate or correct the information regarding their reporting of the Account were particularly egregious because Plaintiff's disputes included the Closure Letter and First Digital's own written admission that the Account had not been properly closed and that the delinquencies would be cleared, which Defendants chose to ignore.

### *The Impact of Inaccurate or Misleading Information on Consumer Reports*

142. A "Consumer Report," as defined by 15 U.S.C. § 1681a(d)(1), impacts a consumer's eligibility for: (i) credit or insurance to be used primarily for personal, family, or household purposes; (ii) employment purposes; or (iii) any other purpose authorized under section 1681b.

143. As a result, the information held within a consumer report impacts not only a consumer's credit worthiness, rating, and capacity, but also the character, general reputation, and personal characteristics of the consumer.

144. A Federal Trade Commission study mandated by Congress on credit report accuracy ("FTC Study") found that one in five consumers had an error on at least one of their three major credit reports (Equifax, Experian, and TransUnion), with some consumers experiencing inaccuracies that can depress credit scores by over 100 points.

145. The FTC Study found that the types of errors on consumer reports could lead to consumers paying more for products such as auto loans and insurance.

### *Credit Scoring*

146. The Fair Isaac Corporation credit risk scoring system, also known as "FICO," is a ubiquitous credit scoring system and utilizes data reported by credit reporting agencies.

147. Defendants' inaccurate, incomplete, and/or materially misleading reporting has caused Plaintiff to suffer from reduced FICO credit scores.

148. FICO scores are calculated from credit data in a consumer's credit report that are arranged in five main categories, identified and weighted as follows: payment history accounts for 35% of a consumer's FICO score; debt/amounts owed accounts for 30%; age/length of credit history accounts for 15%; new credit/recent inquiries accounts for 10%; and mix of accounts/types of credit accounts for 10%.

149. A consumer's credit score impacts that consumer's cost of credit (e.g., interest rates, fees, etc.), availability of credit, ratings for insurance products, and even unsolicited credit offers.

150. Inaccurate, incomplete, and/or incorrect credit reporting often results in lower FICO (and other credit scoring model) scores, thus creating higher costs of credit for the consumer, diminished opportunities, and less purchasing power.

151.    Here, the inaccurate, incomplete, and/or materially misleading reporting of the Account—as both a charged-off account and a collection account—adversely affects Plaintiff's FICO score because it makes it appear as though Plaintiff failed to pay a debt and has an unpaid collection account, when in fact the Account was closed and paid in full with a $0 balance.

152.    There is no established rule or threshold for classifying the significance of a credit score change as minor or major because the impact of a change in score is dependent on the current score; i.e., a one-point change in credit score that moves the consumer from one risk tier to the next may have a large impact on the consumer's ability to receive credit, the type of credit, or the rates of that credit.

### *Equifax, Experian, TransUnion, First Digital, and LVNV/Resurgent's* **Violations of the**

### **FCRA**

153.    It is inaccurate, incomplete, and/or materially misleading to report that an account has a balance, is past due, or is charged off when the account was in fact closed and paid in full with a $0 balance.

154.    It is inaccurate, incomplete, and/or materially misleading to report that a consumer owes a collection balance on an account that was paid in full.

155.    It is inaccurate, incomplete, and/or materially misleading to report the same paid-in-full account twice—once as a charge-off and again as a collection account—thereby compounding the false impression that the consumer owes a delinquent debt.

156.    As evidenced by the CRAs' failure to delete or correct the inaccurate reporting of the Account through the First Digital tradeline and/or the LVNV/Resurgent tradeline—despite having notice through Plaintiff's disputes and supporting documents, including the Closure Letter and the BBB Response, that the Account had been closed and paid in full—the CRAs

failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff as required by and in violation of 15 U.S.C. § 1681e(b).

157. Each CRA either ignored or failed to review all relevant information regarding the Account and thus failed to ensure maximum possible accuracy of the information concerning Plaintiff on the First Digital tradeline and/or the LVNV/Resurgent tradeline.

158. As evidenced by the inaccurate re-reporting after Plaintiff sent the CRAs written disputes identifying the inaccurate, incomplete, and/or materially misleading information regarding the Account as reported on the First Digital tradeline and the LVNV/Resurgent tradeline, the CRAs, upon receipt of Plaintiff's disputes, failed to conduct a reasonable reinvestigation with respect to the disputed information as required by and in violation of 15 U.S.C. § 1681i.

159. Experian's and TransUnion's refusals to investigate Plaintiff's First Disputes—on the asserted basis that the disputes were not authorized by Plaintiff—independently violated 15 U.S.C. § 1681i, because the First Disputes were bona fide disputes submitted by Plaintiff regarding her own credit information.

160. As evidenced by First Digital's, LVNV's, and Resurgent's failure to correct or delete the inaccurate reporting of the Account after receiving notice of Plaintiff's disputes with attached proofs of no debt owing from the CRAs, First Digital and LVNV/Resurgent each failed to conduct a reasonable investigation with respect to the disputed information as required by and in violation of 15 U.S.C. § 1681s-2(b).

161. Due to Defendants' failures to reasonably investigate and/or reinvestigate, Defendants further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i

and/or 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate, incomplete, and/or materially misleading information.

162. Defendants' inaccurate, incomplete, and/or materially misleading reporting of the Account through the First Digital tradeline and the LVNV/Resurgent tradeline was willful. Plaintiff is, accordingly, eligible for statutory damages.

163. Reckless disregard of a requirement of the FCRA qualifies as a willful violation of the FCRA within the meaning of § 1681n(a). See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 71 (2007).

164. Based upon Defendants' knowledge that the Account had been closed and paid in full—as established by the Closure Letter and First Digital's own admission in the BBB Response— even if Defendants could claim they did not willfully violate the FCRA, their conduct was at the very least done with reckless disregard of their obligations under the FCRA.

### LVNV, Resurgent, and Credit Control's Violations of the FDCPA

165. The acts and omissions of the individual employees and agents of LVNV, Resurgent, and Credit Control, and the debt collectors employed as agents by LVNV who interacted with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal.

166. The acts and omissions by Resurgent were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by LVNV in collecting an alleged consumer debt.

167. The acts and omissions by Credit Control were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by LVNV in collecting an alleged consumer debt.

168. By committing these acts and omissions against Plaintiff, Resurgent was motivated to benefit its principal, LVNV.

169. By committing these acts and omissions against Plaintiff, Credit Control was motivated to benefit its principal, LVNV.

170. LVNV is liable for the acts and omissions of Resurgent as Resurgent was motivated to benefit its principal, LVNV.

171. LVNV is liable for the acts and omissions of Credit Control as Credit Control was motivated to benefit its principal, LVNV.

172. LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of law by its collection agents, including, but not limited to violations of the FDCPA in their attempts to collect a debt from Plaintiff.

173. LVNV, Resurgent, and Credit Control attempted to collect a debt that was not owed because the Account had been closed and paid in full with a $0 balance.

174. Plaintiff repeatedly provided documentation to LVNV, through Resurgent, establishing that the Account had been closed and paid in full, including the Closure Letter and First Digital's BBB Response admitting that the Account had not been properly closed by First Digital.

175. Despite this documentation, LVNV and Resurgent continued to credit report the Account with a $349 collection balance and continued to send Plaintiff collection communications demanding payment of the $349 balance.

176. Credit reporting a debt is an attempt to collect a debt.

177. LVNV and Resurgent attempted to collect the debt associated with the Account by reporting it on Plaintiff's credit reports.

178. Resurgent further attempted to collect the debt associated with the Account through written correspondence and through phone calls placed to Plaintiff.

179. Credit Control also attempted to collect the debt associated with the Account through written correspondence.

180. By reporting and attempting to collect a $349 balance on the Account when that debt was not owed, LVNV, Resurgent, and Credit Control used false, deceptive, and/or misleading representations or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

181. By representing that Plaintiff owed a $349 balance on the Account when the Account had been paid in full, LVNV, Resurgent, and Credit Control falsely represented the character, amount, and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

182. By reporting and continuing to report that Plaintiff owed the debt when LVNV and Resurgent knew or should have known, based on the documentation Plaintiff provided, that the information was false, LVNV and Resurgent communicated credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8).

183. By reporting and attempting to collect a debt that was not owed after Plaintiff repeatedly provided documentation establishing that the Account had been closed and paid in full, LVNV and Resurgent used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

184. By attempting to collect a debt and offering enticing options including tradeline deletion in exchange for some money on a debt Plaintiff did not owe, Credit Control used unfair or

unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

### Plaintiff's Damages

185.  Equifax, Experian, TransUnion, LVNV, and Resurgent's inaccurate, incomplete, and/or materially misleading reporting has caused Plaintiff to suffer actual damages.

186.  LVNV, Resurgent, and Credit Control's attempts to collect a debt against Plaintiff that was not owed also caused Plaintiff to suffer actual damages.

187.  Plaintiff's actual damages include, without limitation: fear of credit denials, damage to Plaintiff's creditworthiness, damage to Plaintiff's credit reputation, humiliation, frustration, anxiety, and emotional distress.

188.  Each individual Defendant caused Plaintiff damages separately.

189.  Plaintiff closed the Account in good faith, with a $0 balance, only to be pursued for years over a debt she does not owe and that Defendants were repeatedly told—and shown in writing—she does not owe.

190.  Plaintiff felt powerless and invalidated as she watched the same paid-in-full Account appear on her credit reports twice—as both a charge-off from the original creditor and as a collection account by a debt collector—no matter how much documentation she provided.

191.  Plaintiff experienced significant stress, frustration, and a sense of helplessness arising from her repeated, unsuccessful efforts over many months to get Defendants to correct their reporting and to stop collecting on a debt she did not owe.

192.  Plaintiff's emotional distress manifested itself through stress, anxiety, sleeplessness, headaches, stomach upset, nosebleeds, distracted thinking at work, high blood pressure, and worry about the impact of the inaccurate reporting on her credit and financial future.

193. Upon information and belief, while the inaccurate, incomplete, and/or materially misleading information concerning the Account appeared on Plaintiff's credit reports, Plaintiff was denied credit, including from Citibank, One Key Card, Mastercard, among other denials.

194. Upon information and belief, while the inaccurate, incomplete, and/or materially misleading information concerning the Account appeared on Plaintiff's credit reports, Plaintiff was offered credit from several lenders, including PNC and Everwise, among others, but on terms less favorable than Plaintiff would have been offered had the reporting on the Account been accurate.

195. Plaintiff wants to set up a bookkeeping business in the near future but worries the inaccurate reporting on the Account might not allow that to occur.

196. Plaintiff's TransUnion, Experian, and Equifax credit reports were published to third parties while the inaccurate information regarding the Account was reporting, and those third parties were misinformed about Plaintiff's creditworthiness and her fidelity to her financial obligations.

197. Those third parties were led to believe that Plaintiff failed to pay a debt and allowed it to be charged off (thereby making her credit profile appear significantly worse than it was), when that fact was not true.

198. Defendants thus caused Plaintiff a reputational harm akin to defamation.

199. By reporting inaccurate, incomplete, and/or materially misleading account information, Defendants' acts and omissions caused the illegitimate suppression of Plaintiff's FICO credit score and other credit rating model scores.

200. Creating the false impression that Plaintiff owed a delinquent, charged-off, and/or collection debt on the Account created a material risk that Plaintiff would be denied credit,

receive less favorable credit treatment than she otherwise would, or receive other unfavorable treatment than she otherwise would, from any viewer of Plaintiff's credit reports engaged in judgment-based lending.

201. Defendants' inaccurate reporting and improper collection activity also caused Plaintiff to expend a significant amount of time and money in her attempts to get Defendants to correct the reporting and cease collection.

## CAUSES OF ACTION

## COUNT 1

### Willful Violation of 15 U.S.C. § 1681e(b) by TransUnion

202. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

203. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

204. Defendant TransUnion's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

205. The above-described violations by TransUnion were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

206. As a result of each and every willful violation of the FCRA by TransUnion, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from TransUnion.

## COUNT 2

### Negligent Violation of 15 U.S.C. § 1681e(b) by TransUnion

207. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

208. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

209. Defendant TransUnion's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

210. As a result of each and every negligent violation of the FCRA by TransUnion, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from TransUnion.

## COUNT 3

### Willful Violation of 15 U.S.C. § 1681i by TransUnion

211. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

212. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

213. Defendant TransUnion's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline, and TransUnion's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

214. The above-described violations by TransUnion were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

215. As a result of each and every willful violation of the FCRA by TransUnion, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from TransUnion.

## COUNT 4

### Negligent Violation of 15 U.S.C. § 1681i by TransUnion

216. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

217. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

218. Defendant TransUnion's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline, and TransUnion's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

219. As a result of each and every negligent violation of the FCRA by TransUnion, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from TransUnion.

## COUNT 5

### Willful Violation of 15 U.S.C. § 1681e(b) by Experian

220. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

221. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

222. Defendant Experian's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

223. The above-described violations by Experian were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

224. As a result of each and every willful violation of the FCRA by Experian, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Experian.

## COUNT 6

### Negligent Violation of 15 U.S.C. § 1681e(b) by Experian

225. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

226. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

227. Defendant Experian's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

228. As a result of each and every negligent violation of the FCRA by Experian, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from Experian.

## COUNT 7

### Willful Violation of 15 U.S.C. § 1681i by Experian

229. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

230. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

231. Defendant Experian's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline, and Experian's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

232. The above-described violations by Experian were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

233. As a result of each and every willful violation of the FCRA by Experian, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Experian.

## COUNT 8

### Negligent Violation of 15 U.S.C. § 1681i by Experian

234. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

235. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

236. Defendant Experian's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent

tradeline, and Experian's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

237. As a result of each and every negligent violation of the FCRA by Experian, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from Experian.

## COUNT 9

### Willful Violation of 15 U.S.C. § 1681e(b) by Equifax

238. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

239. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

240. Defendant Equifax's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

241. The above-described violations by Equifax were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

242. As a result of each and every willful violation of the FCRA by Equifax, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Equifax.

## COUNT 10

### Negligent Violation of 15 U.S.C. § 1681e(b) by Equifax

243. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

244. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

245. Defendant Equifax's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline are in violation of 15 U.S.C. § 1681e(b).

246. As a result of each and every negligent violation of the FCRA by Equifax, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from Equifax.

## COUNT 11

### Willful Violation of 15 U.S.C. § 1681i by Equifax

247. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

248. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

249. Defendant Equifax's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline, and Equifax's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

250. The above-described violations by Equifax were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

251. As a result of each and every willful violation of the FCRA by Equifax, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may

allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Equifax.

## COUNT 12

### Negligent Violation of 15 U.S.C. § 1681i by Equifax

252. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

253. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

254. Defendant Equifax's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline and the LVNV/Resurgent tradeline, and Equifax's reinvestigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681i.

255. As a result of each and every negligent violation of the FCRA by Equifax, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from Equifax.

## COUNT 13

### Willful Violation of 15 U.S.C. § 1681s-2(b) by First Digital

256. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

257. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

258. Defendant First Digital's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline, and First Digital's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

259. The above-described violations by First Digital were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

260. As a result of each and every willful violation of the FCRA by First Digital, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from First Digital.

## COUNT 14

### Negligent Violation of 15 U.S.C. § 1681s-2(b) by First Digital

261. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

262. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

263. Defendant First Digital's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the First Digital tradeline, and First Digital's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

264. As a result of each and every negligent violation of the FCRA by First Digital, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from First Digital.

## COUNT 15

### Willful Violation of 15 U.S.C. § 1681s-2(b) by LVNV

265. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

266. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

267. Defendant LVNV's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the LVNV/Resurgent tradeline, and LVNV's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

268. The above-described violations by LVNV were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

269. As a result of each and every willful violation of the FCRA by LVNV, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from LVNV.

## COUNT 16

### Negligent Violation of 15 U.S.C. § 1681s-2(b) by LVNV

270. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

271. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

272. Defendant LVNV's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the LVNV/Resurgent tradeline, and LVNV's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

273. As a result of each and every negligent violation of the FCRA by LVNV, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from LVNV.

## COUNT 17

### Violation of the FDCPA by LVNV

274. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

275. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

276. LVNV's violations of the FDCPA, as alleged above, include, but are not limited to: 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f.

277. As a result of each and every violation of the FDCPA, Plaintiff is entitled to the following from LVNV: her actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs of the action, together with reasonable attorneys' fees as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT 18

### Willful Violation of 15 U.S.C. § 1681s-2(b) by Resurgent

278. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

279. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

280. Defendant Resurgent's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the LVNV/Resurgent tradeline, and Resurgent's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

281. Upon information and belief, Resurgent was a party that reported and/or investigated Plaintiff's credit reporting disputes.

282. The above-described violations by Resurgent were willful, allowing Plaintiff to recover under 15 U.S.C. § 1681n.

283. As a result of each and every willful violation of the FCRA by Resurgent, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) from Resurgent.

## COUNT 19

### Negligent Violation of 15 U.S.C. § 1681s-2(b) by Resurgent

284. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

285. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

286. Defendant Resurgent's above-described acts and omissions that relate to Plaintiff and the Account through the reporting of the LVNV/Resurgent tradeline, and Resurgent's investigations of Plaintiff's disputes, are in violation of 15 U.S.C. § 1681s-2(b).

287. Upon information and belief, Resurgent was a party that reported and/or investigated Plaintiff's credit reporting disputes.

288. As a result of each and every negligent violation of the FCRA by Resurgent, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and costs together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2), from Resurgent.

## COUNT 20

### Violation of the FDCPA by Resurgent

289. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

290. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

291. Resurgent's violations of the FDCPA, as alleged above, include, but are not limited to: 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f.

292. As a result of each and every violation of the FDCPA, Plaintiff is entitled to the following from Resurgent: her actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs of the action, together with reasonable attorneys' fees as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT 21

### Violation of the FDCPA by Credit Control

293. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

294. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

295. Credit Control's violations of the FDCPA, as alleged above, include, but are not limited to: 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

296. As a result of each and every violation of the FDCPA, Plaintiff is entitled to the following from Credit Control: her actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and costs of the action, together with reasonable attorneys' fees as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3).

### REQUEST FOR A JURY TRIAL

297. Plaintiff is entitled to, and demands, a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

a.   A declaratory judgment that Defendants' actions as discussed herein are unlawful;

b.   Plaintiff's actual damages resulting from each of the respective CRAs' violations of the FCRA as caused by that specific CRA;

c.   Plaintiff's actual damages resulting from First Digital's violations of the FCRA as caused by First Digital;

d.   Plaintiff's actual damages resulting from LVNV's violations of the FCRA as caused by LVNV;

e.   Plaintiff's actual damages resulting from Resurgent's violations of the FCRA as caused by Resurgent;

f.   Plaintiff's actual damages resulting from LVNV's violations of the FDCPA as caused by LVNV;

g.   Plaintiff's actual damages resulting from Resurgent's violations of the FDCPA as caused by Resurgent;

h.   Plaintiff's actual damages resulting from Credit Control's violations of the FDCPA as caused by Credit Control;

i.   Statutory damages of not less than $100.00 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1), from each CRA, LVNV, and Resurgent;

j.   Statutory damages of $1,000.00 to Plaintiff from LVNV, pursuant to 15 U.S.C. § 1692k(a)(2);

k.      Statutory damages of $1,000.00 to Plaintiff from Resurgent, pursuant to 15 U.S.C. § 1692k(a)(2);

l.      Statutory damages of $1,000.00 to Plaintiff from Credit Control, pursuant to 15 U.S.C. § 1692k(a)(2);

m.      Punitive damages from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(2);

n.      An award of costs of litigation and reasonable attorneys' fees from each Defendant, pursuant to 15 U.S.C. § 1681o(a)(2) and/or 15 U.S.C. § 1681n(a)(3);

o.      An award of costs of litigation and reasonable attorneys' fees from LVNV, Resurgent, and Credit Control, pursuant to 15 U.S.C. § 1692k(a)(3); and

p.      Any other relief the Court may deem just and proper.

Dated: <u>July 2, 2026</u>

Respectfully Submitted,

By: <u>/s/Richard J. Shea</u>
Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC
4701 N. Keystone Avenue, Suite 210
Indianapolis, IN 46205
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com
*Attorneys for Plaintiff*